# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50201
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR WILLIAN PINEDA-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1035-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cesar Willian Pineda-Martinez appeals his 46-month within-guidelines sentence for illegal reentry after removal. He argues that his sentence was substantively unreasonable because the illegal reentry guideline lacks an empirical basis and effectively double counts criminal history, because his motive for returning to the United States was benign, and because illegal reentry essentially is a trespass offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50201

"[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo,* 435 F.3d 551, 554 (5th Cir. 2006). Pineda-Martinez asserts that a presumption of reasonableness should not apply to his within-guidelines sentence because the illegal reentry guideline is not supported by empirical data, but he recognizes that this argument is foreclosed. *See United States v. Duarte,* 569 F.3d 528, 530-31 (5th Cir. 2009).

We previously have rejected similar arguments challenging the reasonableness of a sentence. *See Duarte,* 569 F.3d at 529-31 (rejecting argument that lack of an empirical basis for the applicable guideline rendered the sentence unreasonable); *United States v. Gomez-Herrera,* 523 F.3d 554, 565-66 (5th Cir. 2008) (rejecting argument that benign motive for reentry rendered sentence unreasonable); *United States v. Aguirre-Villa,* 460 F.3d 681, 683 (5th Cir. 2006) (rejecting argument that illegal reentry is a mere trespass offense). In the instant case, the district court had before it both mitigating and aggravating factors. It balanced these factors and determined that a sentence at the middle of the applicable guidelines range was appropriate. The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States,* 552 U.S. 38, 51 (2007). We conclude there is no reason to disturb the presumption of reasonableness in this case. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.